### C. H. WILTSIE V. J. B. McCLYMON ET AL.

STATE'S IMMUNITY AGAINST STATUTE OF LIMITATIONS IS NOT TRANSFERABLE.

The state's immunity from the statute of limitations' barring its claim for taxes is not transferred to the purchaser of lands at a tax sale by irtue of Sec. 2880 Rev. Stat., giving him a lien for the purchase price upon the sale's being held invalid; hence, in an action to enforce such lien the plea of such statutory bar constitutes a good defense as to causes of action accrued more than six years.

[Syllabus approved by the court.]

W. F. Chambers, for plaintiff.

J. J. Acomb and Harmon, Colston, Goldsmith & Hoadly, for defendant.

SWING, J.

This is an action to subject lands to the payment of certain sums of money paid to the state on the sale of said lands at delinquent tax sale.

The petition alleges that plaintiff bought the land at delinquent tax sale in February, 1898; that said sale was invalid by reason of certain irregularities; that he paid the taxes of December, 1898, and the June tax of 1899; and he asks judgment for the amounts paid at the respective dates with interest, and asks for a foreclosure of his lien on the land.

Hamilton County.

Defendants filed an answer setting up a general denial and also a plea of the statute of limitations pleading the bar of six years. This action was brought January 21, 1907.

We are of the opinion that the plea of the statute of limitations is a good defense to this action.

It is conceded that the statute of limitations does not run against the state for taxes, and it is insisted that this exemption is transferred to the purchaser at tax sales by virtue of Sec. 2880 Rev. Stat., wherein it is provided that if the tax sale is proven to be invalid, the purchaser shall be entitled to receive from the properties the amount of the taxes and the land shall be bound for the payment of the same.

The right of the purchaser to maintain this action and have a lien on the land is conferred by the statute, and is not inherent in him, and in transferring this right to the purchaser the state does not confer with it the right of the sovereign not to be bound by any statute of limitations, and whatever right the purchaser gets is governed by the statute of limitations.

The provision of the statute applicable to this case is the six-year limitation. This action was not brought until after six years had elapsed after the cause of action accrued.

The two propositions in the syllabus in the case of *Hartman* v. *Hunter*, 56 Ohio St. 175 [46 N. E. Rep. 577], are decisions of the two propositions involved in the determination of the questions here raised.

Petition dismissed.

**Giffen** and **Smith, JJ.**, concur.